UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                           Case No. 2:10-cr-4
                                                                   HON. ROBERT HOLMES BELL

FREDERICK JAMES PAQUIN and
MARY CHRISTINE CULLEN,

      Defendants.
_____/

## OPINION AND ORDER

        Defendants Frederick James Paquin and Mary Christine Cullen are charged in a 19-count indictment. Counts 1-12 relate to an alleged scheme by defenant Paquin and Hope Harriet Schlehuber to steal, divert or misapply funds provided to the Sault Tribe of Chippewa Indians by the United States Department of Justice pursuant to the Office of Community Oriented Policy Services. Paquin is the only named defendant in these counts, as co-conspirator Schlehuber has plead guilty to conspiracy to defraud the United States. In Counts 13-18, it is alleged that Paquin and Schlehuber paid Cullen as a full-time employee of the Tribe, after Cullen had left employment and moved into a student teaching position in 2004. Both Paquin and Cullen are named in Count 13. Count 19 charges Paquin with theft of a treadmill. Presently pending before the Court is a motion for separate trials filed by Cullen, which has been joined in by Paquin. Defendants maintain that they would be prejudiced by a joint trial in this matter.[1]

---

[1] Defendants do not argue that the cases were improperly joined under Federal Rules of Criminal Procedure 8(a) and 8(b). Their request for separate trials is based on Federal Rule of Criminal Procedure 14.

As the Sixth Circuit recently explained in *United States v. Wilson*, 344 Fed. Appx. 134, 2009 WL 2611036 (Aug. 25, 2009, 6th Cir.) (unpublished) (attached):

> "As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" *United States v. Lopez,* 309 F.3d 966, 971 (6th Cir.2002) (quoting *United States v. Phibbs,* 999 F.2d 1053, 1067 (6th Cir.1993)); *accord Zafiro,* 506 U.S. at 537, 113 S.Ct. 933 ("There is a preference in the federal system for joint trials of defendants who are indicted together."). Nonetheless, Rule 14(a) "recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government." *Zafiro,* 506 at 538, 113 S.Ct. 933. Rule 14(a) provides that "[i]f the joinder of ... defendants in an indictment ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In interpreting Rule 14, the Supreme Court has held that
>
>> when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.
>
> *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933.

*See also United States v. Cobleigh*, 75 F.3d 242, 248 (6th Cir. 1996).

In *United States v. Worthington*, 145 F.3d 1335, 1998 WL 279379 (6th Cir. 1998) (unpublished) (attached), the Court was faced with a request to sever defendants in a drug conspiracy case. The Sixth Circuit explained:

> There simply is no basis in the record to conclude that Jones was prejudiced at all, let alone sufficiently to merit severance. *See Zafiro v. United States,* 506 U.S. 534, 53839, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (even in cases where co-defendants have mutually adverse legal positions, severance is not always appropriate); *United States v. Medina,* 992 F.2d 573, 587 (6th Cir.1993) (affirming denial of severance in large conspiracy case where evidence, though not applicable to every defendant, shows existence of conspiracy, and

noting that some defendants were acquitted), *cert. denied,* 510 U.S. 1109 (1994). Given the presumption in favor of joint trials, *Zafiro,* 506 U.S. at 537, and the absence of solid evidence of prejudice, we affirm the denial of Jones's motion for severance.

Defendants maintain that they would be prejudiced by a joint trial in this matter. Defendant Cullen maintains that Counts 1-12 are unrelated to her and would involve significant testimony and evidence unrelated to her case. Defendant Paquin maintains that he may be prejudiced because defendant Cullen provided statements to federal investigators, and he did not, and the jury may draw inferences from his failure to cooperate. In addition, defendant Paquin maintains that the evidence on Counts 1-12 and 19 should be severed from Counts 13, 16, 17 and 18 as he will be substantially prejudiced by the jury hearing all the evidence.

Defendants have failed to establish that there is a serious risk that a joint trial would compromise specific trial rights of either defendant. If the Court were to accept defendants' arguments in this case, severance would be required in many of the multi-defendant cases that appear before the Court. Furthermore, the undersigned is unconvinced that defendants will suffer any prejudice as a result of a joint trial in this matter. Defendants' arguments regarding prejudice are speculative at best. Moreover, defendants may request jury instructions that can adequately address their concerns regarding possible prejudice. Accordingly,

IT IS ORDERED that defendants' motions to sever (Docket #14 and #23) are DENIED.

IT IS SO ORDERED.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 28, 2010